UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Thomas Christensen, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>United Automobile Insurance Company, et al.,<br><br>    Defendants | Case No.: 2:21-cv-01374-JAD-NJK<br><br>**Order Granting Motion to Remand, Denying Remaining Motions as Moot, and Overruling as Moot Objection to Magistrate Judge's Order Extending Time**<br><br>[ECF Nos. 6, 9, 13, 17, 20, 23, 25, 48, 59, 60] |

    This case is one among many arising out of a 2007 car accident that these pugilistic parties have brought against one another over the past fourteen years. Based on those prior and concurrent lawsuits, plaintiffs filed this abuse-of-process claim against an insurer and its attorneys in Nevada state court. The defendants removed the action to this court, invoking federal diversity jurisdiction, and now move to dismiss on various grounds, including under Nevada's anti-strategic-lawsuit-against-public-participation (anti-SLAPP) law. They also object to the magistrate judge's order extending the plaintiffs' time for service of process, request that I take judicial notice of various state-court documents, and move to quash service. The plaintiffs move to remand the case back to state court, asserting that their case meets neither requirement for diversity jurisdiction, and to stay the case until the court determines whether it has subject-matter jurisdiction. Because I find that this court lacks jurisdiction, I remand this case back to state court, and I overrule and deny as moot the objection and all other pending motions.

## Discussion

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."[1] "A court's subject-matter jurisdiction can never be waived or forfeited [and] objections to the court's jurisdiction may be resurrected at any point in the litigation."[2] There is a "strong presumption against removal jurisdiction,"[3] so removal statutes are strictly construed, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[4] As the party invoking federal jurisdiction, the defendant always has the burden of establishing that removal is proper,[5] and "an action filed in state court may be removed only if the district court could have exercised jurisdiction over the action if originally filed there."[6] If the parties' non-class dispute does not arise under federal law, the action must meet both requirements of diversity jurisdiction: (1) no defendant may be a citizen of the same state as any plaintiff and (2) the amount in controversy must exceed $75,000.[7]

Plaintiffs first argue that this case should be remanded because, like the plaintiffs, a number of the defendants are citizens of Nevada, rendering the parties not diverse. The defendants counter that the plaintiffs fraudulently joined Nevada-citizen defendants to the state-court case in an effort to defeat diversity jurisdiction. Even if that were true, the plaintiffs'

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[2] *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035–36 (9th Cir. 2013) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3).

[3] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (cleaned up).

[4] *Id.* (cleaned up).

[5] *Id.*; *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part on other grounds in Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014).

[6] *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (cleaned up).

[7] 28 U.S.C. § 1332.

second argument for remand serves as an independent bar to the exercise of federal jurisdiction: the amount in controversy does not exceed $75,000.

Courts must first examine the face of the complaint to determine whether the jurisdictional amount in controversy has been met.[8] But if it's not facially apparent, the court may consider additional jurisdictional facts presented by the defendants in the removal petition.[9] And if the opposing party contests the amount in controversy, the court is tasked with taking evidence and deciding whether the jurisdictional threshold has been met by a preponderance standard.[10]

The plaintiffs' state-court complaint prays for attorneys' fees and costs relating to this case, as well as damages "in excess of $15,000" for each of: (1) attorneys' fees, costs and interest relating to the other lawsuits in which the parties have been embroiled; (2) emotional distress and loss of income; (3) general damages; and (4) punitive damages.[11] And in their motion to remand, plaintiffs confirm that "all damages requested in [their] complaint, . . . including punitive damages, attorney[s'] fees, costs, interest, emotional distress, loss of income, and general damages only totals $60,000."[12] The defendants' removal petition states that the case nevertheless meets the amount-in-controversy requirement because the plaintiffs have sought millions of dollars in damages in other cases and in this case "seek damages related to an abuse[-]of[-]process claim alleging a multitude of wrongs by [the insurer] over the course of fourteen

---

[8] *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).
[9] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).
[10] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014).
[11] ECF No. 1-1 at 9–10.
[12] ECF No. 13 at 4.

years," as well as attorneys' fees and punitive damages.[13]  Defendants' petition otherwise provides no facts that would show an amount in controversy in excess of $75,000.

In response to the motion to remand, defendants again point out that the plaintiffs' prayers for relief, damages requests, and proposed stipulated judgments in other cases have exceeded the jurisdictional amount.[14]  But what matters is whether *this* case meets that threshold. The defendants also argue that because Nevada law authorizes up to $300,000 in punitive damages, any request for punitive damages in cases such as this one automatically "clears the jurisdictional threshold."[15]  But without the plaintiffs alleging "how much 'in excess'" of $15,000 they seek in punitive damages, or the factual basis that would support such an award, there is significant doubt about this court's ability to exercise jurisdiction over this case.[16]

Finally, defendants argue that plaintiffs' request for attorneys' fees establishes that the amount in controversy is greater than $75,000 because—in addition to the $60,000 sought in the complaint—the declaration accompanying the motion to remand appears to request a sum of $18,000 in attorneys' fees.[17]  District courts may only award attorneys' fees and costs following a remand if there was no "objectively reasonable basis" for the removal to federal court in the first place.[18]  Although I find the defendants' arguments for removal and against remand unpersuasive, I cannot conclude that they were made in bad faith or without a reasonable basis.

---

[13] ECF No. 1 at ¶¶ 7–15.

[14] ECF No. 23 at 13–15.

[15] *Id.* at 16.

[16] *See Matheson*, 319 F.3d at 1091 (citation omitted).

[17] ECF No. 23 at 16.  This district's local rules require a "reasonable itemization and description of the work performed" to be submitted along with a request for attorneys' fees, which plaintiffs did not include.  L.R. 54-14.

[18] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citation omitted).

And although a potential award of attorneys' fees may count toward the amount in controversy if authorized by statute or contract,[19] no party has shown such a basis here. The jurisdictional threshold thus remains unmet, so I remand this case back to Nevada state court for want of federal jurisdiction, overrule as moot the objection to the magistrate judge's order, and deny as moot all remaining motions.

## Conclusion

IT IS THEREFORE ORDERED that the plaintiffs' motion to remand **[ECF No. 13] is GRANTED**. **The Clerk of the Court is directed to REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Department 3 (Case Number A-20-825502-C) and CLOSE THIS CASE**.

IT IS FURTHER ORDERED that the pending motions to dismiss **[ECF Nos. 6, 9, 59]** and special motion to dismiss under NRS 41.660 **[ECF No. 17] are DENIED as moot and without prejudice to their refiling in state court**. The motions to stay **[ECF No. 20]** and quash service **[ECF No. 60]** and the request for judicial notice **[ECF Nos. 23, 25] are DENIED as moot**. The objection to the magistrate judge's order **[ECF No. 48] is OVERRULED as moot**.

_____
U.S. District Judge Jennifer A. Dorsey
March 3, 2022

---

[19] *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).